UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-10161-JFW (MANx)**                                  Date:  March 18, 2013

Title:   Efrain Reyes, et al. -v- Wells Fargo Bank National Association, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**              **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                                                                  None

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

**ORDER DENYING AS MOOT MOTION TO DISMISS PLAINTIFFS' COMPLAINT [filed 2/21/13; Docket No. 17]**

     On November 28, 2012, Plaintiffs Efrain Reyes and Reyna Reyes (collectively, "Plaintiffs") filed a Complaint in this Court against Defendants Wells Fargo Bank, National Association ("Wells Fargo Bank"), Wells Fargo Home Mortgage ("Wells Fargo Home"), Washington Mutual Bank, National Association ("Washington Mutual"), Greenpoint Mortgage Funding, Inc. ("Greenpoint"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"), alleging that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) because of the diversity of citizenship between Plaintiffs and Defendants.  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.

     Plaintiffs have failed to adequately allege the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").  In the Complaint, Plaintiffs allege that they are residents of California, but fail to allege their citizenship.  However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  In addition, Plaintiffs fail to allege the citizenship of any of the Defendants.

     Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P.

12(h)(3). Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

Accordingly, the Court hereby **DISMISSES** this action **without prejudice** for lack of subject matter jurisdiction. In light of the Court dismissing this action, the Court **DENIES as moot** the Motion to Dismiss Plaintiffs' Complaint filed by Defendants Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage (erroneously sued separately as Wells Fargo Bank, National Association and Wells Fargo Home Mortgage) and MERS.

IT IS SO ORDERED.